# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| AUGUSTINA C. AMALU, individually and as next kin of and Administrator of the Estate of IFEYINWA STEPHANIE AMALU, deceased, *et. al.* <br><br> **Plaintiffs,** <br><br> vs. <br><br> **STEVENS TRANSPORT, INC.**, *et. al.*, <br><br> **Defendants.** | No. 15-cv-01116-STA-egb <br> CONSOLIDATED |

## ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION

Defendant Stevens Transport, Inc. ("Stevens Transport") filed a motion to limit or exclude the testimony of Plaintiffs' expert Roger Allen (ECF No. 440) and motion to limit or exclude the testimony of Plaintiffs' expert Peter Philbrick (ECF No. 444). Defendant Stevens Transport TL, Inc. ("Stevens TL") also filed motion to limit or exclude the testimony of Allen (ECF No. 442) and Philbrick (ECF No. 446). The motion was referred to the United States Magistrate Judge for determination on January 17, 2018. (ECF No. 448.) On March 12, 2018, Magistrate Judge Edward G. Bryant issued an order granting in part and denying in part Defendants' motions. (ECF No. 479.)[1] Defendants Stevens Transport and Stevens TL filed

---

[1] Defendant Stevens Transport's motions to exclude/limit the testimony of Allen and Philbrick were denied in part and granted in part. Defendant Stevens TL's motion to exclude/limit the testimony of Allen was denied in part and granted in part. Defendant Steven TL's motion to exclude/limit the testimony of Philbrick was denied. (Mag. J. Ord. at p. 2, ECF No. 479.)

timely objections to the Magistrate Judge's order on March 26, 2018. (ECF Nos. 485, 486.) Plaintiffs Augustina C. Amaulu, individually and as next kin of and administrator of the estate of Ifeyinwa Stephanie Amalu, and Ody Udeozo and Josephine Udeozo, individually and as next kin of and administrators of the estate of Chinelo Udeozo, filed a response to Defendants' objections on April 4, 2018. (ECF No. 491.) Plaintiff David Lindsey, individually and as personal representative of the estate of Kristi Mills, filed a response to Defendants' objections on April 9, 2018. (ECF No. 493.) For the reasons set forth below, the decision of the Magistrate Judge is **AFFIRMED**.

Standard of Review

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for nondispositive preliminary matters such as motions to strike. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Thus, a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Bell v. Int'l Bhd. of Teamsters*, 1997 WL 103320 *4 (6th Cir. 1997) (quoting Fed. R. Civ. P. 72(a)). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp.2d 603, 605 (W.D. Tenn. 2009) (citation omitted). Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable. *See Tri–Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp.2d 835, 839 (W.D. Tenn. 1999) (citations omitted) (explaining that the clearly erroneous

"standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.") "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). "Rejection of expert testimony 'is the exception, rather than the rule.'" *MAR Oil Co. v. Korpan*, 973 F. Supp.2d 775, 781 (N.D. Ohio 2013) (quoting Fed. R. Evid. 702 Advisory Committee's Note, 2000 Amend.); *see also In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008) (same).

The party filing the objections or appeal has the burden of proving that the decision was clearly erroneous. *See* 12 *Fed. Prac. & Proc. Civ.* § 3068.2 (2d ed.) (citing *Lopez v. Metropolitan Gov't of Nashville and Davidson Cty*, 646 F. Supp.2d 891, 921 (M.D. Tenn. 2009)).

## Background

The Magistrate Judge included the following background summary in his order; neither party has objected to this summary.

> Plaintiffs' lawsuit stems from a multiple vehicle accident on June 25, 2014. This accident involved a vehicle occupied by Ifeyinwa Stephanie Amalu and Chinelo Udeozo and a tractor-trailer driven by Tony Mills with a passenger, Kristi Mills. All the aforementioned parties died as a result of the accident. The parties disagree on the various roles of the involved parties, including Defendants Stevens Transport and Stevens TL. These disagreements include which Defendants are motor carriers and/or brokers and how many Defendants employed Tony Mills. Connected to these issues are various standards in the

3

trucking industry. To help with these issues, Plaintiffs Lindsey, Amalu, and Hartmann have listed Allen as a Rule 26 expert. Philbrick is the Rule 26 expert designated by Amalu and Hartmann.

(Mag. J. Ord. at p. 2, ECF No. 479.)

## Objections and Analysis

Defendants do not object to the Magistrate Judge's determination that Allen and Philbrick are prohibited from testifying as to legal conclusions as a matter of law, including contract interpretation, whether Tony Mills was a statutory employee, the legal applicability of the Federal Motor Carrier Safety Regulations ("FMCSRs"), and whether Defendant Stevens Transport was a motor carrier. Defendants do object to the Magistrate Judge's determination that Allen and Philbrick are qualified to offer expert opinions regarding freight brokers and motor carrier selection and to the determination that Allen and Philbrick may render expert opinions on the reliability and usefulness of BASIC scores.

In making his decision, the Magistrate Judge analyzed the Court's "gate-keeping role" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (holding that Federal Rule of Evidence 702 requires that trial courts perform a "gate-keeping role" when considering the admissibility of expert testimony) and determined as follows.

## Qualifications of Roger Allen and Peter Philbrick as Experts

The Magistrate Judge correctly noted that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*Daubert*, 509 U.S. at 589. Additionally, as stated by the Magistrate Judge, the proponent of the

4

expert's testimony (in this case, Plaintiffs) bears the burden of demonstrating, by a preponderance of proof, that it is admissible. (Mag. J. Ord. at p. 3, ECF No. 479 (citation omitted.)) The Magistrate Judge pointed out that, when nonscientific expert testimony is involved, such as that of Allen and Philibrick, the Court's analysis may focus upon the expert's personal knowledge or experience, because "the factors enumerated in *Daubert* cannot readily be applied to measure the reliability of such testimony."[2] (*Id.* at p. 4 (citations omitted)). And, finally, he noted that the factual basis of an expert opinion goes to the credibility of the testimony and not to its admissibility. (*Id.* (citations omitted)).

Turning to the proposed testimony of Roger Allen, the Magistrate Judge determined that, although Defendants have argued that Allen is not qualified to serve as an expert in this case on the issues upon which he is tendered,

> Allen has extensive experience in this field. Allen's curriculum vitae (CV) demonstrates that he is qualified to offer testimony relating to the operation of tractor-trailers. Allen has worked in the transportation industry and is currently employed for a commercial transportation and safety consultant company. Allen has worked as a truck driver, bus driver, driver trainer, safety director, general manager, president, owner, broker, and operations manager. Additionally, Allen has worked in litigation regarding transportation for motor carriers, including numerous times as an expert in this field. Lastly, although Allen, as Defendants point out, does not have any formal education beyond high school, Allen has attended numerous transportation seminars, been involved in transportation associations, is certified in Federal Motor Carrier Safety Administrator Compliance, including the Federal Motor Safety Carrier Regulations ("FMSCRs"), and worked in the trucking industry since 1959.

(*Id.* at p. 5.) The Magistrate Judge found that Allen had obtained knowledge of freight brokerage

---

[2] The Supreme Court in *Daubert* set forth four non-exclusive factors for the courts to consider when an expert opinion is challenged: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of

through his experience and work in the trucking industry and expert witness work and, thus, has the expertise necessary to offer an opinion on the matters on which he has been tendered as an expert based on his knowledge, skill, and experience. (*Id.* at p. 6.)

The Magistrate Judge concluded that Allen may testify as to his knowledge regarding customs and standard practices in the trucking industry and Defendants' conduct as a matter of fact regarding the terms "motor carrier," "contract," and "employee." (*Id.*) Any concerns with Allen's interpretation of what constitutes a motor carrier or employee reflect an issue with his conclusion, and the factual basis on which he reaches his conclusion may be addressed through cross-examination and impeachment. (*Id.* at pp. 6 -7.)

The Magistrate Judge likewise concluded that Philbrick was qualified to testify as an expert on several issues.

> Philbrick's curriculum vitae (CV) demonstrates that he is qualified to offer testimony relating to the operation of tractor-trailers. Philbrick has worked in the trucking industry for sixty years. Philbrick has worked as a commercial vehicle driver, safety manager, consultant for Federal Motor Carrier Safety Administration compliance, and truck company management policies and procedures. Additionally, Philbrick has numerous training in safety in trucking and given several presentations on trucking safety and accident litigation, and has contributed to or worked on trucking publications.

(*Id.* at p. 8.) Furthermore, Philbrick has obtained knowledge of freight brokerage through his experience and work in the trucking industry and expert witness work. (*Id.*) The Magistrate Judge noted that any concern with Philbrick's level of experience or knowledge with modern procedures is properly addressed through cross-examination. To the extent that Philbrick struggles with remembering or correctly identifying which regulation he is referring to,

---

standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted by the scientific community. 509 U.S. at 593-94.

Defendants may also address this on cross-examination. (*Id.* at pp. 8-9.)

> As with Allen,
>
> Philbrick may not testify as to questions of law, including whether Stevens Transport had control over the load as a matter of law, whether Tony Mills was the statutory employee of Stevens Transport, or the legal effect of the contract at issue. However, Philbrick may testify as to his knowledge and experience regarding whether, as a matter of fact, Stevens Transport's conduct was that of a motor carrier or a trucking company that had control over the load based on standard practices in the trucking industry.

(*Id.* at p. 9.) The Magistrate Judge also found Philbrick's use of the FMCSRs and the Transportation Intermediaries Association Carrier Framework ("TIA") to be admissible within the scope of Rule 702. (*Id.*)

Defendants object to the conclusions that Allen and Philbrick are qualified to offer expert opinions regarding freight brokers and motor carrier selection because neither has specific experience in the freight brokerage industry or with motor carrier selection. Additionally, neither Allen nor Philbrick has published any opinions or subjected them to peer review nor have they taught or lectured or any of the subjects on which they seek to testify. Defendants also contend that Allen and Philbrick's knowledge is outdated. (Def's Obj. pp. 2 – 6, ECF No. 485.)

To qualify as an expert under Rule 702, a witness must first establish his expertise by reference to "knowledge, skill, experience, training, or education." F.R.E. 702. Although this requirement has always been treated liberally, the liberal interpretation of this requirement "does not mean that a witness is an expert simply because he claims to be." *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000) (citation omitted.) In the present case, the Magistrate Judge explained that Allen and Philbrick both have decades of professional and practical experience within the trucking industry and that their experience will help the trier-of-fact understand the

roles of the various entities involved in the transport of cargo. As noted by Plaintiffs, the Magistrate Judge specifically found that the opinions of Allen and Philbrick were based on sufficient data and were formed through reliable principles and methods and that they reliably applied the principles and methods to the facts of the case.

The Court agrees with the Magistrate Judge's determination that any deficiencies or weaknesses in the qualifications of Allen and Philbrick as experts and their testimony are best addressed through cross-examination.[3] As explained in *Rogers v. Detroit Edison Co.*, 328 F. Supp. 2d 687 (E.D. Mich. 2004),

> The *Daubert* Court also noted that the trial court's gatekeeping function does not replace the traditional adversary system and the place of the jury within the system. *Daubert*, 509 U.S. at 596, 113 S.Ct. at 2798. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987)). The Sixth Circuit . . . therefore endorse[s] a broad interpretation of Rule 702's requirements. *See*, *e.g.*, *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 516 (6th Cir. 1998) (citing *Davis v. Combustion Eng'g, Inc.*, 742 F.2d 916 (6th Cir. 1984)); *Grow v. W.A. Thomas Co.*, 236 Mich. App. 696, 713, 601 N.W.2d 426, 435 (Mich. App. 1999)(citing *Dudek v. Popp*, 373 Mich. 300, 306, 129 N.W.2d 393 (1964))(finding that "[a]ny limitations on a proposed expert's qualifications are relevant to the weight, not the admissibility, of his testimony.")

*Rogers*, 328 F. Supp. 2d at 691; *see also Stotts v. Heckler & Koch, Inc.*, 299 F. Supp. 2d 814, 819 (W.D. Tenn. 2004) ("[T]he rejection of expert testimony is the exception rather than the rule, and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary

---

[3] In their response to Defendants' objections, Plaintiffs reference the deposition of Matthew Gray in support of their statement that the contract produced by Stevens Transport TL is illegible. (Pls' Resp. to Objs. p. 3, ECF No. 491.) Although Plaintiffs have included the page number of the deposition, they have not specified a docket number. The Court does not have the resources to search through almost five hundred docket entries to find Gray's deposition. All parties are reminded that citations to the record should include the name of the document being cited, the page number, and the number of the docket entry of the filing of the document.

system.'" (citations omitted)). "Experts are permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as 'the expert's opinion [has] a reliable basis in the knowledge and experience of the discipline.'" *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 388 (6th Cir. 2000) (quoting *Daubert*, 509 U.S. at 592). Here, Plaintiffs have established that Allen and Philbrick have seen and examined trucking and brokerage custom and practice during their decades of experience in the transportation industry, even though their firsthand knowledge may be lacking in certain specific areas.

The Magistrate Judge's opinion correctly states the law and thoroughly analyzes the appropriate factors in determining the reliability of these expert witnesses' opinions and testimony. This Court cannot say that the Magistrate Judge's determination that Allen and Philbrick are qualified to testify as experts in this matter was clearly erroneous or contrary to law. Therefore, the objections as to their qualifications are overruled.

BASIC Scores

Defendants complain of the use of BASIC scores by Allen and Philbrick to support their opinions. Defendants describe BASIC scores in the following manner:

> BASIC scores are relative scores, based upon comparisons made within a group of carriers, and are not relevant to determining the safety rating of a specific carrier. Notably, the Federal Motor Carrier Safety Administration ("FMCSA") specifically states that BASIC percentiles do not affect a carrier's safety rating. Instead, BASIC scores are simply a monitoring tool instituted by the FMCSA to further prioritize motor carriers for additional scrutiny. The Safety Measurement System ("SMS") data was never intended to be used to determine a motor carrier's overall safety fitness or rating. There is a disclaimer posted by FMCSA on each motor carrier's "scorecard," which warns the public against making judgments concerning the overall safety, fitness, or status of motor carriers utilizing SMS data. When searching for a motor carrier on the FMCSA website, the same disclaimer "pops up" regarding the use of SMS data/information.

(Def's Obj. pp. 6 – 7 (citations omitted), ECF No. 485.)  After studies indicated that BASIC

scores did not necessarily represent an accurate assessment for a carrier, "Congress enacted the Fixing America's Surface Transportation ('FAST') Act of 2015, which mandated that the FMCSA remove BASIC scores from its public website." (*Id.* at p. 8 (citation omitted)). However, it is undisputed that "the BASIC scores were still available on the FMCSA's website at the time of this accident." (*Id.* at p. 10.) Therefore, the Magistrate Judge could properly find that Allen and Philbrick may testify that participants in the industry used BASIC scores for the purpose of evaluating the safety and fitness of motor carriers at the time of the accident. The studies showing the inadequacies of the scores and the familiarity with the studies or lack thereof of Allen and Philbrick may be pointed out during cross-examination at trial.

Defendants have not met their burden of showing that the Magistrate Judge's decision on this issue was clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's determination that evidence pertaining to BASIC scores be allowed is upheld.

## Conclusion

Having reviewed the Magistrate Judge's order, the parties' briefing on appeal, and the entire record of the proceedings, the Court holds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. Therefore, the decision of the Magistrate Judge granting in part and denying in part Defendants' motions to limit or exclude testimony of experts is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 23, 2018.